## CORNER v. CORNER.

1. A Judge of the County Court has no authority to award a writ of certiorari, returnable into the Circuit Court, in a suit for a forcible entry and detainer.

Writ error to the Circuit Court of Cherokee county.

ANNA CORNER commenced proceedings against Robert Corner, before a Justice of the Peace, of Cherokee County, for a forcible entry and detainer, in which she recovered a judgment.

The Judge of the County Court of that county, on the petition of the defendant, awarded a writ of certiorari, returnable into the Circuit Court.

On the return of this writ into the Circuit Court, it was quashed, in consequence of a want of authority in the Judge, awarding it. The defendant now prosecutes his writ of error, and assigns, the refusal of the Circuit Court to entertain jurisdiction of the case.

MOORE, for the plaintiff in error—cited, Meek's Sup. 82.

PHELAN, contra—cited, Dunham v. Carter, 2 Stewart, 496.

GOLDTHWAITE, J.—The act of 1840, provides that the Judges of the County Courts, shall have power to grant *certiorari's*, returnable to the Circuit Courts in the same manner that they are allowed to grant the same returnable to their own Courts: Meek's Supplement, 82. But this gives them no authority to award writs of *certiorari*, in cases of forcible entry and detainer, because these writs, previous to the statute, could not be made returnable to the County Courts. The only effect intended by this act, was to allow the judges of the County Court, to send such cases to the Circuit Courts, as they might have concurrent jurisdiction over, by means of the *certiorari*, and the terms of the statute apply solely to the ordinary actions before Justices of the Peace.

The judgment of the Circuit Court is affirmed.